James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue
New York, NY 10017
(212) 953-2381
Attorneys for Petitioners

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE COMPLAINT

of

DAVID SEAN KENNEDY and KENNEDY ENGINE CO., INC., as owners and/or owners *pro hac vice* of vessel M/V CHELSEA SCREAMER for Exoneration from or Limitation of Liability,

Petitioner.

**JUDGE MARRERO**

CV **'07 CIV 3808**

VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY



MAY 15 2007
U.S.D.C. S.D. N.Y.
CASHIERS

DAVID SEAN KENNEDY and KENNEDY ENGINE CO., INC. (hereinafter "Petitioners"), by their attorneys, RUBIN, FIORELLA & FRIEDMAN LLP, for their Verified Complaint seeking Exoneration from or Limitation of Liability, allege upon information and belief, as follows:

1.   This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §§ 30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rule "F" of the Supplemental Rules for Certain Admiralty and Maritime Claims, as hereinafter more fully appears.

2.   Petitioners, DAVID SEAN KENNEDY and KENNEDY ENGINE CO., INC. are owners or owners *pro hac vice* of the M/V CHELSEA SCREAMER, 53-foot 1994 passenger vessel (hereinafter referred to as the "Vessel").

1

3.  On or about July 3, 2004, the Vessel was traveling on the navigable waters of the Hudson River, New York when JOHN BAIRD, a passenger on the Vessel, claims to have sustained injury.

4.  The alleged injury to JOHN BAIRD was not due to any fault, neglect, or want of care on the part of Petitioners, or the Vessel, and occurred without Petitioners' privity or knowledge.

5.  On or about January 9, 2007, a suit was filed by JOHN C. and SHARON AMBER BAIRD against Petitioners KENNEDY ENGINE CO., INC. and TOM KENNEDY, in Supreme Court of the State of New York, County of New York, Index No. 100390/07, for personal injury and loss of consortium.

6.  Plaintiffs' claim or claims may exceed Petitioners' interest in the Vessel.

7.  The Vessel was valued at $180,000 (**EXHIBIT A**, report of Castlerock Risk Services dated May 1, 2007)

8.  Pursuant to Supplementary Rules F of the Federal Rules of Civil Procedure, Petitioner offers an *Ad Interim* Security in the amount of $180,000, said amount being not less than the value of Petitioners' interest in the Vessel at the time of the accident and there being no pending freight. (**EXHIBIT B**, *Ad Interim* Security).

9.  Venue in this district is proper as Plaintiffs' law suit was brought within the district.

10. Petitioners are entitled to Exoneration from Liability for any claims arising from the accident and from any and all claims that have been or may hereafter be made, and Petitioners allege that they have valid defenses thereto on the facts and law.

11. Petitioners claim, in the alternative, the benefit of Limitation of Liability provided by 46 U.S.C. § 30501 *et seq.* and the various statutes supplementary thereto and amendatory thereof.

12. Petitioners have provided security herewith in the form of an *Ad Interim* Security sufficient to cover their interest in the Vessel with surety for payment into Court, whenever the same shall be ordered, as provided for by the aforesaid statute and by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and by the rules and practices of this Court.

**WHEREFORE**, Petitioners pray:

(1) That this Court adjudge that Petitioners are not liable for any loss, injury, or damages arising out of the incident; or,

(2) If Petitioners are adjudged liable, that such liability be limited to the value of Petitioners' interest in the Vessel in the maximum amount of $180,000, and that Petitioners be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided pro-rata according to the above-mentioned statutes among such claimants as may duly prove their claim, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioners from all further liability.

(3) That this Court issue an Order to include the following:

(a) Directing the issuance of Notice to all persons asserting claims with respect to the accident, which this Complaint seeks Exoneration from or Limitation of Liability, to file their respective claims with the Clerk of this Court and to serve on Petitioners' undersigned counsel a copy thereof on or before a date to be named in the Notice.

(b) Directing Petitioners to file an *Ad Interim* Security as security for the benefit

of any and all Claimants, in the amount of Petitioners' interest in the Vessel as of the date of the accident, $180,000, with interest at the rate of 6% per annum from the date of said security or whenever the Court shall so order.

(c) Directing that upon Petitioners filing of an *Ad Interim* Security, an injunction shall issue enjoining the prosecution against Petitioners, their representatives, insurers, and the Vessel, of any and all claims, suits, actions or proceedings, whether or not already begun, with respect to the incident, except in this proceeding.

(4) That Petitioners may have such other and further relief as the justice of the cause may require.

Dated: May 15, 2007

>RUBIN, FIORELLA & FRIEDMAN LLP
>Attorneys for Petitioners
>
>By: _____
>James E. Mercante (JM 4231)
>Michael E. Stern (MS 9113)
>292 Madison Avenue, 11th Floor
>New York, New York 10017
>Ph: 212 953-2381
>Fax: 212 953-2462
>E-Mail: jmercante@rubinfiorella.com

## VERIFICATION PURSUANT 28 U.S.C. § 1746

The undersigned a partner of the firm of RUBIN, FIORELLA & FRIEDMAN LLP, attorneys of record for Petitioner; that the undersigned has read the foregoing Complaint for Exoneration from or Limitation of Liability and knows the contents thereof; that the same are true to my own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters I believe them to be true.

The grounds for my belief as to all matters not stated to be upon my own knowledge, are materials contained in the file.

The reason for the attorney's verification is that Petitioners reside outside the county where my firm maintains its office.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on May 15, 2007

James E. Mercante (JM 4231)

# CASTLEROCK RISK SERVICES, LLC.

85 BROADWAY SUITE B, AMITYVILLE NY 11701

Phone (631) 691-7005, Fax (631) 691-7006

Website: www.castlerockrisk.com
Email: claims@castlerockrisk.com

New Jersey - Phone (732) 607-1050
New England - Phone (802) 226-7025

---

**CRS FILE 1299 – mv CHELSEA SCREAMER Valuation**    May 1, 2007

This is to certify that the undersigned marine surveyor did attend for a valuation survey of the subject vessel as per the request of Messrs. Rubin Fiorella & Friedman LLP and whom it may concern.

**Vessel Surveyed:** April 28, 2007 – Hauled out at Liberty Landing Marina, Jersey City NJ.

 

### Vessel Particulars

- **Registered Owner:** David Sean Kennedy, West Palm Beach FL
- **Dimensions:** 53ft. Registered Length x 15ft. Beam x 5ft. Depth
  28 Gross Tons, 22 Net Tons
- **Passenger Capacity:** Stability Letter – 60 persons
  USCG COI – 54 Passengers + 2 Crew. Up to 20 miles coastwise.
- **Official Numbers:** USCG Document – 1024119, Call Sign – WDC 5789
- **Construction:** All fiberglass hull deck bulkheads framing and superstructure.
- **Propulsion:** Twin GM Turbo Diesels – 800hp total (estimated)
- **Electrical Service:** No generator. 12v and 24v DC ship's service plus shore power connection.

### Estimated Market Value on or About 2004

Based upon our April 28, 2007 inspection of its hull and equipment, our previous knowledge of the vessel, and upon our understanding of the market for vessels of similar size age and type service we believe the mv CHELSEA SCREAMER's market value on or about 2004 was approximately - **$180,000**.

Inspection and report made without prejudice to the rights of those concerned.

Respectfully Submitted,
Stephen J Murphy, NAMS-CMS
Castlerock Risk Services NJ
stephen@castlerockrisk.com



James E. Mercante (JM 4231)
Michael E. Stern (MS 9113)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue
New York, NY 10017
(212) 953-2381
Attorneys for Petitioners

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
IN THE MATTER OF THE COMPLAINT

|  |  |
|---|---|
| of | CV |
| DAVID SEAN KENNEDY and KENNEDY ENGINE CO., INC., as owners and/or owners *pro hac vice* of vessel M/V CHELSEA SCREAMER for Exoneration from or Limitation of Liability, | ***AD INTERIM* SECURITY** |
| Petitioner. | |

**WHEREAS,** Petitioners, DAVID SEAN KENNEDY and KENNEDY ENGINE CO., INC. (hereinafter "Petitioners") as owners or owners *pro hac vice* of the M/V CHELSEA SCREAMER, a 53-foot 1994 passenger vessel, are instituting a proceeding in this Court for Exoneration from or Limitation of Liability in respect to a claim for personal injury asserted or to be asserted in connection with an accident which is alleged to have occurred on the vessel on July 3, 2004, and;

**WHEREAS,** Petitioners' vessel was on the navigable waters of the Hudson River, New York, when it is alleged that an accident occurred causing injury to JOHN C. BAIRD as more fully set forth in the Verified Complaint filed herein, and

**WHEREAS,** Petitioners wish to provide this *Ad Interim* Security in the amount of the post-casualty value of the vessel as security for any and all claims arising from the accident.

**WHEREAS,** the value of Petitioners' interest in the vessel described above has been fixed at $180,000 as appears in **Exhibit A** to the Verified Complaint filed herein;

**NOW, THEREFORE,** in consideration of the premises, OneBeacon America Insurance Company, issuer of Taylor Hull and AIMU Protection & Indemnity Policies pertaining to the subject vessel, having an office and place of business at One Beacon Street, Boston, MA 02108, hereby undertakes in the sum of $180,000 with interest thereon at the rate of 6% per annum from the date hereof. If this security is contested by motion, then within thirty (30) days after entry of an Order confirming the report of an independent marine surveyor appointed by the Court to appraise the post-casualty value of the vessel, OneBeacon America Insurance Company will file in this proceeding a revised *Ad Interim* Security conforming to such appraised value up to the hull insurance limits of liability in its Taylor Hull and AIMU Protection & Indemnity Policies and in the interim, this *Ad Interim* Security shall stand as security for all Claims filed in said limitation proceeding;

**FURTHERMORE,** solely for the limited purposes of any suit based upon this *Ad Interim* Security, OneBeacon America Insurance Company hereby submits itself to the jurisdiction of this Court and designates, RUBIN, FIORELLA & FRIEDMAN, LLP its agents for service of process, and OneBeacon America Insurance Company agrees, together with the Petitioners, to pay the amount awarded by the final decree rendered by this Court, or an Appellate Court if an appeal intervenes, up to the principal amount of this security, with interest as aforesaid, unless the post-casualty value of the vessel shall have been paid into Court or a bond or revised *Ad Interim* Security thereof shall have been given as aforesaid, in which event this Security shall be void.

FURTHERMORE, it is understood and agreed that the execution of this *Ad Interim* Security by the undersigned shall be binding on OneBeacon America Insurance Company as aforesaid.

Dated: May 14, 2007

OneBeacon America Insurance Company

*/s/ Bernice M. Ford/*

COMMONWEALTH OF MASSACHUSSETS   )
                                ) ss.:
COUNTY OF ~~SUFFOLK~~ Essex /DHW  )

On this 14th day of May 2007, before me personally came Bernice M. Ford, being by me duly sworn, did depose and say that she is a Sr. Claim Rep., of the corporation described and which executed the foregoing *Ad Interim* Security, and that she executed same pursuant to her powers and duties.

Sworn to before me this
14th day of May 2007

*/s/ Isaak H. Wheeler/*
Notary Public
My Commission expires 10/30/09

- 3 -