Frank V. Floriani, Esq.
SULLIVAN PAPAIN BLOCK
MCGRATH & CANNAVO, P.C.
120 Broadway
New York, NY 10271
(212) 732-9000

Attorneys for Claimants
JOHN C. BAIRD and SHARON AMBER BAIRD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In the Matter of the Complaint

of

DAVID SEAN KENNEDY and KENNEDY ENGINE CO.,
INC. as owners and/or owners *pro hac vice* of vessel
"M/V CHELSEA SCREAMER" for Exoneration from or
Limitation of Liability,

                                        Petitioners.
------------------------------------------------------------------x

07 Civ. 3808 (VM)

JURY TRIAL
DEMANDED

## ANSWER AND CLAIMS OF JOHN C. BAIRD AND SHARON AMBER BAIRD

Claimants JOHN C. BAIRD and SHARON AMBER BAIRD by their attorneys SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, P.C., as and for their verified answer and claims to the complaint of Petitioner DAVID SEAN KENNEDY and KENNEDY ENGINE CO., INC., as owners and/or owner *pro hac vice* of vessel "M/V CHELSEA SCREAMER" for Exoneration from or for Limitation of Liability allege on information and belief as follows:

    1.    Claimants John C. Baird and Sharon Amber Baird admit that this is an Exoneration from or Limitation of Liability Proceeding pursuant to 46 U.S.C.A. §183 *et. seq* and a maritime claim within the meaning of Rule 9(h) Fed.R.Civ.P.

2.      Claimants John C. Baird and Sharon Amber Baird deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "2" of Petitioner's Complaint.

3.      Claimants John C. Baird and Sharon Amber Baird admit to the allegations contained in Paragraph "3" of Petitioner's Complaint.

4.      Claimants John C. Baird and Sharon Amber Baird deny the truth of the allegations contained in Paragraph "4" of Petitioner's Complaint.

5.      Claimants John C. Baird and Sharon Amber Baird admit to the allegations contained in Paragraph "5" of Petitioner's Complaint.

6.      Claimants John C. Baird and Sharon Amber Baird cannot admit or deny the allegations contained in Paragraph "6" of Petitioner's complaint as they lack personal knowledge of the value of the vessel.

7.      Claimants John C. Baird and Sharon Amber Baird deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of Petitioner's Complaint.

8.      Claimants John C. Baird and Sharon Amber Baird deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "8" of petitioner's complaint.

9.      Claimants John C. Baird and Sharon Amber Baird deny the allegations contained in Paragraph "9" of Petitioner's Complaint.

10.     Claimants John C. Baird and Sharon Amber Baird deny the allegations contained in Paragraph "10" of Petitioner's Complaint and refer all questions of law to the Court for determination.

11. Claimants John C. Baird and Sharon Amber Baird deny the allegations in Paragraph "11" of Petitioner's complaint and refer all questions of law to the Court for determination.

12. Claimants John C. Baird and Sharon Amber Baird deny the allegations in Paragraph "12" of Petitioner's complaint and refer all questions of law to the Court for determination.

## AFFIRMATIVE DEFENSES

13. Claimants John C. Baird and Sharon Amber Baird hereby set forth their separate and distinct defenses to Petitioner's Complaint. Claimants John C. Baird and Sharon Amber Baird set forth the following matters to apprise the parties and the Court of certain potentially applicable defenses. By listing any matter as an affirmative defense, Claimants John C. Baird and Sharon Amber Baird do not assume the burden of proving any matter upon which Petitioner bears the burden of proof under controlling law.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

14. Petitioner's Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

15. The security posted by Petitioner is insufficient.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

16. Petitioner had knowledge of and personally participated in the events that caused or contributed to Claimants John C. Baird's and Sharon Amber Baird's losses and damages and is not entitled to protection under 46 U.S.C .A. § 183 *et seq.* since they were due to Petitioner's fault or privity, or design or neglect.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

17. On July 3, 2004, Petitioner's vessel "M/V CHELSEA SCREAMER" struck a wave or wake and the injuries and damages which ensued were caused by Petitioner's fault or privity, or design or neglect, including, but not limited to, acts or omissions, negligent acts or omissions, and/or acts or omissions evidencing want of care and the unseaworthiness of "M/V CHELSEA SCREAMER" and its master and crew.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

18. Petitioner was careless, negligent, and reckless in and about the matters which are made the basis of this lawsuit, and such carelessness, negligence, recklessness and/or willful misconduct were the proximate and legal causes of the damages and injuries incurred in this case.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

19. Claimants John C. Baird and Sharon Amber Baird reserve their right to allege any further, separate or additional affirmative defenses to the Petitioner's Complaint.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

20. The complaint is untimely as it was brought more than six (6) months after notice of the claim was given to the owners of the "M/V CHELSEA SCREAMER" pursuant to 46 U.S.C. App. 185.

## CLAIMS OF JOHN C. BAIRD and SHARON AMBER BAIRD

21. John C. Baird's and Sharon Amber Baird's claims against Petitioner are within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C.A. § 1333, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal

Rules of Civil Procedure and by order of this Court in its monition enjoining further proceedings against Petitioner entered on May 15, 2007.

22. Venue is proper in this district based upon claimants' residence and situs of the incident underlying this matter.

23. KENNEDY ENGINE CO., INC. is a corporation with its principal office located at Chelsea Piers, Pier 62, County, City and State of New York, New York.

24. That at all times hereinafter mentioned, and upon information and belief, KENNEDY ENGINE CO., INC. and DAVID SEAN KENNEDY were the owners of the seagoing vessel named "M/V CHELSEA SCREAMER".

25. That at all times hereinafter mentioned, and upon information and belief, KENNEDY ENGINE CO., INC. and DAVID SEAN KENNEDY operated a business called Splash and Dash Scenic Adventure Cruise for the Chelsea Piers, Pier 62, County, City and State of New York.

26. That at all times hereinafter mentioned TOM KENNEDY was employed by KENNEDY ENGINE CO., INC and DAVID SEAN KENNEDY.

27. That at all times hereinafter mentioned TOM KENNEDY was operating the "M/V CHELSEA SCREAMER" within the scope of his employment.

28. That at all times hereinafter mentioned, and upon information and belief, KENNEDY ENGINE CO., INC. and DAVID SEAN KENNEDY operated the vessel known as "M/V CHELSEA SCREAMER" while providing passage as part of the Splash and Dash Scenic Adventure Tour business.

29.    That at all times hereinafter mentioned, the Hudson River in the City and State of New York is a waterway used by the public in general for the course and passage of water craft.

30.    That on July 3, 2004, the claimant JOHN C. BAIRD, was a passenger in the aforesaid vessel known as "M/V CHELSEA SCREAMER".

31.    That on July 3, 2004, while the claimant JOHN C. BAIRD was a passenger on the "M/V CHELSEA SCREAMER", it was being operated upon the waterway known as the Hudson River, New York, New York.

32.    That on July 3, 2004, while the claimant JOHN C. BAIRD was a passenger on the "M/V CHELSEA SCREAMER", and which was operated upon the waterway known as the Hudson River, New York, New York, the aforesaid "M/V CHELSEA SCREAMER" improperly struck several steep and dangerous waves and/or wakes.

33.    Claimants John C. Baird and Sharon Amber Baird assert claims for damages against Petitioner David Sean Kennedy and Kennedy Engine Co., Inc., in their capacity as the owners of the "M/V CHELSEA SCREAMER".

**FIRST CLAIM FOR RELIEF**

34.    Claimants repeat and reallege the allegations contained in paragraphs 20-33 as if the same were fully set herein at length.

35.    The aforesaid collision and resulting injuries to claimants were not caused by any negligence or want of care of the Claimant JOHN C. BAIRD or of anyone for whom said Claimant may be responsible but were caused solely as a result of the fault,

negligence and want of care on the part of the Petitioner and "M/V CHELSEA SCREAMER", and those in charge of that vessel, in the following respects, among others, which will be pointed out at the trial of this action:

- a) Those in charge of "M/V CHELSEA SCREAMER" were incompetent and inattentive of their duties.

- b) "M/V CHELSEA SCREAMER" was navigated at an immoderate and excessive speed under the circumstances.

- c) "M/V CHELSEA SCREAMER" failed to take proper account of the currents and wind.

- d) Those in charge of the "M/V CHELSEA SCREAMER" lost navigational control of the vessel.

- e) "M/V CHELSEA SCREAMER" failed to navigate with caution under the circumstances.

- f) "M/V CHELSEA SCREAMER" failed to take any and/or timely steps to avoid collision when danger of collision was or should have been apparent.

- g) "M/V CHELSEA SCREAMER" and/or her machinery and/or her equipment and/or her master and crew were unseaworthy.

- h) "M/V CHELSEA SCREAMER" was inadequately and incompently manned and failed to keep a proper lookout.

- i) "M/V CHELSEA SCREAMER" was negligently navigated into collision with wakes and/or waves.

36. As a result of the aforementioned, claimant JOHN C. BAIRD sustained severe and serious personal injuries, incurred medical expenses and sustained other consequential damages.

## SECOND CLAIM FOR RELIEF

37. Claimant SHARON AMBER BAIRD repeats and realleges the allegations contained in paragraphs 20-35 as if the same were fully set herein at length.

38. That at all of the times hereinafter mentioned, the claimant SHARON AMBER BAIRD, was and still is the wife of the claimant JOHN C. BAIRD, and resided with and cohabited with the claimant JOHN C. BAIRD.

39. That in consequence of the injuries sustained by the claimant JOHN C. BAIRD, as aforesaid, the claimant SHARON AMBER BAIRD was deprived of the companionship, consortium and services of the claimant JOHN C. BAIRD, for some time.

40. That as a result of the foregoing, the claimant SHARON AMBER BAIRD, sustained damages.

**WHEREFORE**, claimants pray that the Court enter judgment directing that:

1. Petitioner takes nothing by way of the pleadings for the claims for relief alleged therein;

2. Dismissing with prejudice Petitioner's Complaint and denying Petitioner Exoneration from Liability;

3. Dismissing with prejudice Petitioner's Complaint and denying Petitioner Limitation of Liability;

4.  Awarding claimants damages for their injuries and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
       June 18, 2007

                          SULLIVAN PAPAIN BLOCK
                          McGRATH & CANNAVO P.C.

By: _____
    FRANK V. FLORIANI (FF4489)
    Attorney for Claimants
    JOHN C. BAIRD &
    SHARON AMBER BAIRD
    120 Broadway
    New York, New York 10271
    (212) 732-9000